Marc P. Cook, Esq.
Nevada Bar No. 004574
COOK & KELESIS, LTD.
517 S. 9th St.
Las Vegas, NV 89101
(702) 737-7702
Fax: (702) 737-7712
Email: law@bckltd.com
[Additional counsel appearing on signature page]

*Attorneys for Plaintiff* NICK FISHER
and the Class

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| NICK FISHER, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>THEVEGASPACKAGE.COM, INC., a Nevada corporation, and DOUGLAS DOUGLAS, an individual,<br><br>　　　　　　Defendants. | Case No.<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

1.　　Plaintiff Nick Fisher ("Fisher" or "Plaintiff") brings this Class Action Complaint against Defendants TheVegasPackage.com, Inc. ("Vegas Package") and Douglas Douglas ("Douglas") (collectively "Defendants") to: (1) stop Defendants' practice of placing calls using an "automatic telephone dialing system" ("ATDS") to the cellular telephones of consumers nationwide without their prior express consent; and (2) obtain redress for all persons injured by Defendants' conduct. Plaintiff also seeks an award of statutory damages to the members of the Class, plus court costs and reasonable attorneys' fees.

2.      Plaintiff, for his complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

3.      The Telephone Consumer Protection Act 47 U.S.C. § 227, et seq. ("TCPA") and its implementing regulations, 47 C.F.R. §64.1200, *et seq*. prohibit companies and persons, such as Defendants, from placing calls using an ATDS ("autodialed calls") to cellular telephones without first obtaining prior express consent. Defendants have violated, and continue to violate, the TCPA and its regulations by placing autodialed calls to cellphone subscribers who have not given prior express consent to receiving such calls.

4.      In an effort to obtain leads for its services, Vegas Package and Douglas made (or directed to be made on its behalf) autodialed calls to the cellular telephones of Plaintiff and other members of the class without first obtaining express consent to do so—all in violation of the TCPA.

5.      The TCPA was enacted to protect consumers from unauthorized calls exactly like those alleged in this Complaint—autodialed and/or prerecorded calls placed to cellphone numbers without each consumer's prior express written consent.

6.      By making the telephone calls at issue in this Complaint, Defendants caused Plaintiff and the members of the Class actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls as well as a loss of value realized for any monies that consumers paid to their wireless carriers for the receipt of such calls. Furthermore, the calls interfered with Plaintiff's and the other Class members' use and enjoyment of their cellphones, including the related data, software, and hardware components. Defendants also caused injury to the Class members' phones by causing wear and tear on their property, consuming battery life, and appropriating cellular minutes and data.

1

**PARTIES**

2    7.    Plaintiff Fisher is a natural person over the age of eighteen (18) and a citizen of the

3  State of Arizona.

4    8.    Defendant TheVegasPackage.com, Inc. is a corporation organized in and existing

5  under the laws of the State of Nevada, with its principal place of business located in Las Vegas.

6    9.    Defendant Douglas Douglas is a citizen of the State of Nevada. Douglas is the

7  president, secretary, treasurer, director, and registered agent for Vegas Package.

8

**JURISDICTION & VENUE**

9    9.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

10  1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq.,

11  a federal statute. This Court also has jurisdiction under the Class Action Fairness Act, 28 U.S.C. §

12  1332 ("CAFA"), because the alleged Class consists of over 100 persons, there is minimal

13  diversity, and the claims of the class members when aggregated together exceeds $5 million.

14  Further, none of the exceptions to CAFA applies.

15    10.    This Court has general personal jurisdiction over Vegas Package because it was

16  incorporated under the laws of Nevada and its principal place of business is located in this district.

17  Likewise, the Court has general personal jurisdiction over Douglas because he is a resident of

18  Nevada. The Defendants are at home in this district, regularly enter into business contracts in this

19  District, and a significant portion of the unlawful conduct alleged in this Complaint occurred in,

20  was directed to, and/or emanated from this District.

21    11.    Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants solicit a

22  significant amount of consumer business within this District, and because a significant portion of

23  the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from

24  this District.

25

26

27

28

3

## COMMON ALLEGATIONS OF FACT

12.     Defendant Vegas Package is a purported vacation retail company that offers Las Vegas vacation packages to consumers. Among Vegas Package's offerings is a four-day stay in Las Vegas, including dinner for two and two show tickets, for $399.

13.      Unfortunately for consumers, Vegas Package casts its marketing net too wide. That is, in an attempt to promote its business and to generate leads for its financial products Defendants conducted (and continues to conduct) a wide scale telemarketing campaign that repeatedly makes unsolicited autodialed calls to consumers' telephones including cellular telephones all without any prior express consent to make these calls.

14.     To make matters worse, Defendants place these calls to telephones using an ATDS without consumers' prior written express consent in violation of the TCPA.

16.     Not surprisingly, these practices have led to complaints from consumers, which can be found on the Internet. These public comments demonstrate a pattern of misleading and unethical business practices; consumers have publicly complained:

- Who is calling and why. I am on the no call list.

- Extremely rude man harassing a woman over the phone! Multiple times per week! If you call back it says number is not in service. I am going to use my cousin attorney and sue his [***] because I am on the do not call list.

- Both times a woman asking for person by name and saying they are from Las Vegas, as soon as I say I'm on the no call list they just stop talking but stay on the line.  They keep calling everyday though!!!  My next step is reporting them to the no call data base.

- "Hi this is Charles.  I deal in trips to Las Vegas.  Could I interest you in a trip to Vegas tomorrow."  That's when I hung up and blocked.

4

- Supposedly "Vegas Vacations." Doubt it seriously as the number comes back as not in service on call back. Obvious scam!![1]

17.     At no time did Defendants obtain prior express consent from the Plaintiff and the Class members orally or in writing to receive autodialed calls.

18.     In making the phone calls at issue in this Complaint, Defendants and/or their agents utilized an ATDS.  Specifically, the hardware and software used by Defendants and/or their agents has the capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendants' automated dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous calls simultaneously, without human intervention.

19.     Defendants knowingly made, and continue to make, telemarketing calls without the prior express consent of the recipients. As such, Defendants not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

## FACTS SPECIFIC TO PLAINTIFF

20.     Plaintiff Fisher is the subscriber to and customary user of the personal cellular telephone number 602-750-6084.

21.     On approximately July 8, 2019, Plaintiff received a call from the phone number (702) 983-2098.

22.     After answering the call, Plaintiff was met with "dead air" for several seconds before he was apparently connected to a live representative.

23.     The representative identified himself as Mike, who stated that he was a "VIP host" and "trip advisor" with TheVegasPackage.com.

---

[1] https://800notes.com/Phone.aspx/1-702-983-2098

5

24.     The representative spent several minutes describing a Las Vegas vacation package offer for $399 that he encouraged Plaintiff to purchase.

25.     Near the end of the call, Plaintiff politely declined the offer and asked the representative to not call him again, to which the representative replied with a homophobic slur before ending the call.

26.     Plaintiff Fisher never consented either orally or in writing to receive prerecorded and/or autodialed calls from Vegas Package, Douglas, or any of their affiliates or agents.

27.     Plaintiff does not have a relationship with Defendants, has never provided his telephone number directly to Defendants, and has never requested that Defendants place prerecorded and/or autodialed calls to him or offer him its services. Simply put, Plaintiff has never provided any form of prior express written or oral consent to Defendants to place prerecorded and/or autodialed calls to him and has no business relationship with Defendants.

28.     Defendants were, and are, aware that the above described autodialed calls were made to consumers like Plaintiff who have not consented to receive them.

29.     By making unauthorized autodialed calls as alleged herein, Douglas and Vegas Package have caused consumers actual harm, including the aggravation, nuisance and invasions of privacy that result from the receipt of such calls, the wear and tear on their cellphones, consumption of battery life, lost cellular minutes, loss of value realized for monies paid to their wireless carriers for the receipt of such calls, and in the form of the diminished use, enjoyment, value, and utility of their telephones and telephone plans. Furthermore, Defendants made the calls knowing they interfered with Plaintiff and the other Class members' use and enjoyment of, and the ability to access, their cellphones, including the related data, software, and hardware components.

30.     To the extent any third party made the calls, the third party acted on behalf of Defendants, at Defendants' direction and control, for Defendants' knowing benefit, and with Defendants' approval. Defendants ratified the making of any such calls.

31.     On information and belief, Douglas Douglas personally directed and oversaw the making of the calls by Defendants' employees or agents. Douglas Douglas was directly involved in the making of the calls. Douglas committed, directly participated in, or otherwise authorized the commission of wrongful acts within the scope of his employment as a corporate officer of Defendant. Defendant failed to take efforts to implement appropriate policies or procedures designed to comply with the TCPA or authorized or personally engaged in conduct that clearly violated the TCPA.

32.     To redress these injuries, Plaintiff, on behalf of himself and a Class of similarly situated individuals, brings this suit under the TCPA, which prohibits unsolicited prerecorded and/or autodialed calls to telephones. On behalf of the Class, Plaintiff seeks an injunction requiring Defendants to cease all unauthorized autodialed calling activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

33.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and the Class defined as follows:

> **Autodialed No Consent Class**: All persons in the United States who (1) Defendants, or a third person acting on behalf of Defendants, called; (2) on the person's cellular telephone; (3) for the purpose of selling Vegas Package's products and services; (4) using an autodialer as defined in the TCPA; and (4) for whom Defendants claim they obtained prior express consent in the same manner as Defendants claims they supposedly obtained prior express consent to call the Plaintiff.

34.     The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5)

7

Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons.

35.     **Numerosity:** The exact number of members within the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has placed pre-recorded calls to thousands of consumers who fall into the defined Class. However, the exact number of members of the Class can only be identified through Defendant's records.

36.     **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the members of the Class sustained damages arising out of Defendants' uniform wrongful conduct.

37.     **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiff.

38.     **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a)     Whether Defendant's conduct violated the TCPA;

(b)     Whether Defendant systematically made telephone calls to individuals who did not previously provide Defendants and/or their agents with their prior express consent to receive such phone calls;

(c)     Whether Defendants made the calls with the use of an ATDS;

(d)     Whether Defendant is liable for any calls made by a third party on its behalf; and

(e)     Whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

39.     **Superiority:** This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*
### (On behalf of Plaintiff and the Autodialed No Consent Class)

40.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

41.     Defendant Vegas Package, by and through its agents, made unsolicited and unwanted telemarketing calls to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed No Consent Class—without their prior express written consent—in an effort to generate leads for Defendants' products and services.

42.     Upon information and belief, Defendant Vegas Package engaged in a campaign of unsolicited telemarketing calls at the direction of and/or with the assistance of Defendant Douglas Douglas. Douglas was directly involved in the making of the calls. Douglas committed, directly

participated in, or otherwise authorized the commission of wrongful acts within the scope of his

employment as a corporate officer of Defendant

43.     Defendants failed to obtain any prior express consent that included, as required by

47 C.F.R. § 64.1200(f)(8)(i), a "clear and conspicuous" disclosure informing the person signing

that:

> (A) By executing the agreement, such person authorizes the seller to deliver or cause
> to be delivered to the signatory telemarketing calls using an automatic telephone
> dialing system or an artificial or prerecorded voice; and

> (B) The person is not required to sign the agreement (directly or indirectly), or agree
> to enter into such an agreement as a condition of purchasing any property, goods, or
> services.

44.     Further, Defendants made the telephone calls using equipment that had the

capacity to store or produce telephone numbers to be called using a random or sequential number

generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*.

Defendants utilized equipment that made the telephone calls to Plaintiff and other members of the

Autodialed No Consent Class simultaneously and without human intervention.

45.     By making unsolicited telephone calls to Plaintiff and members of the Class's

cellular telephones without prior express consent, and by utilizing an ATDS while doing so,

Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii).

46.     As a result of Defendants' unlawful conduct, Plaintiff and the members of the

Class suffered actual damages in the form of monies paid to receive the unsolicited telephone

calls on their cellular telephones and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, a

minimum of $500 in damages for each such violation of the TCPA.

47.     Should the Court determine that Defendants' conduct was willful and knowing, the

Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by

Plaintiff and the other members of the Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Nick Fisher, on behalf of himself and the class, prays for the following relief:

A.    An order certifying the Class as defined above, appointing Plaintiff Fisher as the representative of the Class and appointing his counsel as Class Counsel;

B.    An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

C.    An order declaring that Defendants' actions, as set out above, violate the TCPA;

D.    A declaratory judgment that Defendants' telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

E.    An order requiring Defendants to identify any third-party involved in the calling as set out above, as well as, the terms of any contract or compensation arrangement they have with such third parties;

F.    An injunction requiring Defendants to cease all unsolicited autodialed calling activities, and otherwise protecting the interests of the Class;

G.    An injunction prohibiting Defendants from using, or contracting for the use of, an automatic telephone dialing system without obtaining, and maintaining records of, call recipient's prior express written consent to receive calls made with such equipment;

H.    An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

I.    Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

11

Dated: September 12, 2019

**NICK FISHER**, individually and on behalf of all others similarly situated,


By: _/s/  Marc P. Cook_____
        One of Plaintiff's Attorneys

Marc P. Cook, Esq.
Nevada Bar No. 004574
COOK & KELESIS, LTD.
517 S. 9th St.
Las Vegas, NV 89101
(702) 737-7702
Fax: (702) 737-7712
Email: law@bckltd.com

Stephen A. Klein*
sklein@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 907-4654
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Class

* *Pro Hac Vice*