Marc P. Cook, Esq.
Nevada Bar No. 004574
COOK & KELESIS, LTD.
517 S. 9th St.
Las Vegas, NV 89101
(702) 737-7702
Fax: (702) 737-7712
Email: law@bckltd.com
[Additional counsel appearing on signature page]

*Attorneys for Plaintiff* NICK FISHER and the Class

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| **NICK FISHER**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**THEVEGASPACKAGE.COM, INC.**, a Nevada corporation, and **DOUGLAS DOUGLAS**, an individual,<br><br>Defendants. | Case No. 2:19-cv-01613-JAD-VCF<br><br>**MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO EXTEND THE TIME FOR SERVICE OF PROCESS AS TO BOTH DEFENDANTS** |

**PLEASE TAKE NOTICE** that, in accordance with the Federal Rules of Civil Procedure Rule 4(m), Plaintiff Nick Fisher ("Plaintiff" or "Fisher") hereby moves the Court for an Order extending the time for service of process upon Defendants TheVegasPackage.com, Inc. ("Vegas Package") and Douglas Douglas ("Douglas") (collectively "Defendants").

This Motion is based on the Memorandum of Points and Authorities below and the attached Affidavits of attempted service to Defendants through Douglas, both individually and as the registered agent of Vegas Package. In support of the Motion, Plaintiff states as follows:

- 1 -

## MEMORANDUM OF POINTS AND AUTHORITIES

On September 13, 2019, Plaintiff brought this putative class action lawsuit alleging wide-scale violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA" or "Act"). (Dkt. 1.) The Court issued summons as to Douglas on September 13, 2019, and as to Vegas Package on September 18, 2019. (Dkt. 2, 5.)

The Federal Rules of Civil Procedure provide that, if a defendant is not served within 90 days after the complaint is filed, the court must dismiss without prejudice against or order that service be made within a specified time. FED. R. CIV. P. 4(m). However, if the plaintiff shows good cause for the failure to serve process within 90 days of the complaint, "the court must extend the time for service for an appropriate period." *Id.* Generally, a showing of good cause is equated with diligence and requires more than inadvertence, mistake, or ignorance of the rules. *See Bank of New York Mellon v. Schuetz*, No. 2:15-cv-01819-APG-VCF, 2016 WL 70459, at *1 (D. Nev. Jan. 6, 2016).

After the Court issued a summons as to both Defendants, Plaintiff hired a process server to attempt service upon Douglas, both as an individual and as the registered agent for Vegas Package, at his office address registered with the Secretary of State. (*See* Dkt. 10.) The process server made thirteen different attempts over several months to serve the Complaint and Summons on Defendants, with no success. (*See* Affidavits of Attempted Service, attached hereto as Ex. A.) The process server was met with no answer at the Defendants' office door, indicating that the office is not staffed as required by Nevada law. (*Id.*) With the help of a desk attendant at the office building, the process server also spoke with Douglas over the phone on two occasions—Douglas twice denied any connection to the case or Vegas Package, despite his registration as the President, Secretary,

Treasurer, Director, and registered agent for Vegas Package. (*See id.*) The process server thereafter returned service, informing Plaintiff that Defendants were avoiding service. (*Id.*)

Despite repeated attempts, and as a result of their avoidance, Plaintiff has been unable to effectuate service upon Defendants within 90 days of filing the complaint. Accordingly, Plaintiff previously filed a Motion for Alternative Service with the Court on December 4, 2019, so that Plaintiff may be permitted to serve Vegas Package via the Nevada Secretary of State. (*See* Dkt. 10.) Plaintiff continues to investigate how it may otherwise serve process to Douglas.

In short, Plaintiff has diligently attempted service upon Defendants and has been yet unable to complete service. Good cause exists both for Plaintiff's inability to serve Defendants within 90 days and for the Court to extend the time for service to be made. Pursuant to FED. R. CIV. P. 4(m), the Court should extend the time for service for an appropriate period, or at least sixty (60) days.

**WHEREFORE**, Plaintiff respectfully requests that the Court grant the present Motion and issue an order extend for an appropriate period the time for Plaintiff to effectuate service upon Defendants, and for such additional relief as the Court deems necessary and just.

Respectfully submitted,

Dated: December 12, 2019   **Nick Fisher**, individually and on behalf of all others similarly situated,

By:   /s/   *Stephen A. Klein*
One of Plaintiff's Attorneys

Marc P. Cook, Esq.
Nevada Bar No. 004574
COOK & KELESIS, LTD.

517 S. 9th St.
Las Vegas, NV 89101
(702) 737-7702
Fax: (702) 737-7712
Email: law@bckltd.com

Stephen A. Klein*
sklein@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 907-4654
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Class

* Pro Hac Vice

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on December 12, 2019.

/s/ *Stephen A. Klein*