# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

*** 

NICK FISHER, individually and on
behalf of all others similarly situated,

Plaintiff,

vs.

THEVEGASPACKAGE.COM, INC.,
a Nevada corporation, and DOUGLAS
DOUGLAS, an individual,

Defendants.

2:19-cv-01613-JAD-VCF
**ORDER**

Before the court is Plaintiff's Motion and Memorandum of Points and Authorities in Support of Motion for Alternative Service Upon TheVegasPackage.com, Inc. (ECF No. 10).

## DISCUSSION

Plaintiff's motion raises two issues: (1) whether he may have additional time to serve TheVegasPackage.Com, Inc. and (2) whether he may effectuate service upon Defendant THEVEGASPACKAGE.COM, INC. by service upon Nevada's Secretary of State. The last day to effectuate service is December 12, 2019.

Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2003). The Supreme Court has stated that the 90–day time period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661 (1996). "On its face, Rule 4(m) does not tie the hands of the district court after the 90–day period has expired. Rather, Rule 4(m) explicitly permits a

district court to grant an extension of time to serve the complaint after that 90–day period." *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). The Advisory Committee Notes to Rule 4(m) state that the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 90 days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." *See* Fed. R. Civ. P. 4(m), Advisory Committee Notes, 1993 Amendments.

Generally, "good cause" is equated with diligence. *See* Wright & Miller, Federal Practice and Procedure: Civil 3d § 1337. In the Ninth Circuit, a showing of good cause requires more than simple inadvertence, mistake of counsel, or ignorance of the rules. *See National Union Fire Ins. Co. v. Monroe*, No. 10–cv–0385, 2011 WL 383807, at *1 (D. Nev. Feb. 2, 2011). "At a minimum, good cause means excusable neglect. A plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) the plaintiff would be severely prejudiced if his complaint were dismissed." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir.1991)

Plaintiff has satisfied this standard. Since September, Plaintiff has been diligent in trying to serve Defendant THEVEGASPACKAGE.COM, INC. with the Summons and Complaint. Defendants would not be prejudice since they have not appeared in this matter and Plaintiff would be prejudiced if his complaint was dismissed.

Accordingly, the court grants Plaintiff an additional sixty days to personally serve Defendant THEVEGASPACKAGE.COM, INC.

## B.    Alternative Service

Plaintiff's motion to serve Defendant THEVEGASPACKAGE.COM, INC. by mean of service upon Nevada's Secretary of State is granted. The Federal Rules of Civil Procedure do not expressly permit alternative service upon Nevada's Secretary of State. Rule 4(e)(1), however, permits a plaintiff to serve a

defendant "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1).

In Nevada, Rule 4 of the Nevada Rules of Civil Procedure governs service of parties under state law. Parties are required to personally serve summons and the complaint upon defendants; however, when personal service proves impossible, the Nevada Rules of Civil Procedure provide that, if service on a business entity cannot be made to its registered agent or other officers, "the plaintiff may seek leave of court to serve the Nevada Secretary of State in the entity's or association's stead." Nev. R. Civ. P. 4.2(c)(3)(A). In support of such alternative service, the rule requires filing of a supporting affidavit that (1) sets forth facts demonstrating Plaintiff's good faith attempts to locate and serve the entity; (2) explains the reasons why service could not be made; and (3) states the last-known address of the entity or its agents. *Id.* 4.2(c)(3)(A)(i)–(iii).

Here, Plaintiff has satisfied these requirements. Plaintiff has provided an affidavit that the process server attempted 14 times to serve Defendant THEVEGASPACKAGE.COM, INC.'s registered agent. (ECF NO. 10-2 at 2). The process server states that the registered agent's office was not staffed during normal business hours. The process server was able to get Douglas Douglas on the phone at registered agent's office but Douglas kept denying any connection to THEVEGASPACKAGE.COM, INC., despite being listed as its registered agent. (ECF NO. 10 at 3). Plaintiff has provided a last known address of Defendant THEVEGASPACKAGE.COM, INC.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff's Motion and Memorandum of Points and Authorities in Support of Motion for Alternative Service Upon TheVegasPackage.com, Inc. (ECF No. 10) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff GRANTED an additional sixty days from the date of this order to serve Defendant THEVEGASPACKAGE.COM, INC.

IT IS FURTHER ORDERED that Plaintiff mail a copy of this order, the Complaint and Summons to Defendant THEVEGASPACKAGE.COM, INC. at its last known address, 900 South Las Vegas Blvd., #1211, Las Vegas, Nevada 89101.

DATED this 12th day of December, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE