Marc P. Cook, Esq.
Nevada Bar No. 004574
COOK & KELESIS, LTD.
517 S. 9th St.
Las Vegas, NV 89101
(702) 737-7702
Fax: (702) 737-7712
Email: law@bckltd.com

Stephen A. Klein*
sklein@woodrowpeluso.com
WOODROW & PELUSO, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 907-4654
Facsimile: (303) 927-0809

*Pro Hac Vice

*Attorneys for Plaintiff* NICK FISHER
*and the Class*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| **NICK FISHER**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**THEVEGASPACKAGE.COM, INC.**, a Nevada corporation, and **DOUGLAS DOUGLAS**, an individual,<br><br>Defendants. | Case No.  2:19-cv-01613-JAD-VCF<br><br>**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND REQUEST FOR LEAVE TO CONDUCT DISCOVERY** |

## MOTION FOR CLASS CERTIFICATION AND
## REQUEST FOR LEAVE TO CONDUCT DISCOVERY

In accordance with Rule 23(c) of the Federal Rules of Civil Procedure, Plaintiff hereby moves the Court for an order certifying the alleged Class as defined in the Complaint and granting Plaintiff leave to conduct limited class discovery. In support of his Motion, Plaintiff submits the following memorandum of points and authorities and states as follows:

## I.    INTRODUCTION

This case challenges Defendants TheVegasPackage.com, Inc.'s ("Vegas Package") and Douglas Douglas's ("Douglas") (collectively "Defendants") serial violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA" or "Act")—specifically, the TCPA's bar against placing calls using an automatic telephone dialing system ("ATDS") to cellular telephones without first obtaining prior express consent. Plaintiff Nick Fisher ("Fisher" or "Plaintiff") filed his Class Action Complaint on September 19, 2019. (Dkt. 1.) To date, and despite being properly served, neither defendant has appeared, answered, or otherwise responded to the Complaint. As such, Plaintiff hereby moves for class certification based on the well-pleaded allegations and the facts of record.

Plaintiff's claims satisfy each requirement for class certification under Rule 23: the proposed Class is sufficiently numerous, common questions of law and fact predominate over supposed individual issues, Plaintiff's claims are typical of those of the class members, and Plaintiff is an adequate representative and is represented by counsel experienced and well-versed in class action litigation. Further, common issues predominate over any supposed individual issues and a class action is the superior method for resolving the claims at issue.

As such, the Court should certify the following Class:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Autodialed No Consent Class**: All persons in the United States who from September 19, 2015 to the date notice is sent to the Class: (1) Defendants, or a third person acting on behalf of Defendants, called; (2) on the person's cellular telephone; (3) for the purpose of selling Vegas Package's products and services; (4) using an autodialer as defined in the TCPA; and (4) for whom Defendants claim they obtained prior express consent in the same manner as Defendants claims they supposedly obtained prior express consent to call the Plaintiff.

(Compl. ¶ 33.)

Plaintiff also respectfully requests leave to conduct limited discovery regarding class-related issues for a period of 120-days. Plaintiff intends to serve a subpoena on Defendants' telephone service provider to obtain the outbound call records for the phone number used to call Plaintiff. Plaintiff will then reference the records to identify individual class members and the total number of calls, which will enable Plaintiff to develop an adequate notice plan and establish damages. If necessary, Plaintiff also intends to serve written discovery on the Defendants themselves, including requests for admission.

As explained below, the Court should certify the proposed Class based on Plaintiff's well-pleaded allegations, and issue an Order granting Plaintiff leave to conduct class discovery.

## II.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

Defendant Vegas Package is a corporation incorporated and existing under the laws of the State of Nevada. (Compl. ¶ 8.) Defendant Douglas is the president and registered agent of Vegas Package. (*Id.* ¶ 9.) On information and belief, Douglas was directly involved in making the calls, including overseeing, directing, or otherwise authorizing the calls to Plaintiff and the Class by Defendants' employees or agents. (*Id.* ¶ 31.) To market Vegas Package's products and services (namely its four-day vacation packages), Defendants made autodialed telemarketing calls *en masse* to consumer cell phones without prior express consent—a plain

violation of the TCPA. (*See id.* ¶¶ 12–14, 26–29.)

In Plaintiff Fisher's case, he received an unsolicited call from Defendants on or around July 8, 2019 from *(702) 983-2098. (*See* Compl. at ¶ 21.) Plaintiff was met with "dead air" before being connected to a live representative, indicating the use of an autodialer. (*Id.* ¶ 22.) The representative, who identified himself as Mike, spent several minutes describing a Las Vegas vacation Package that he encouraged Fisher to purchase. (*Id.* ¶¶ 23–24.) At no time did Plaintiff ever provide prior express written consent to Defendants to make calls to him. (*Id.* ¶ 26.) Further, Plaintiff does not have any prior business relationship or dealings with Defendants. (*Id.* ¶ 27.)

Plaintiff filed his Class Action Complaint on September 13, 2019. (Dkt. 1.) After the Court authorized alternative service, Plaintiff served Vegas Package: (1) by mail—to Vegas Package and to the Nevada Secretary of State—on December 18, 2019 (dkt. 14.); and (2) by publicly posting the Complaint and summons on January 10, 2020. (Dkt. 13.) As such, Vegas Package's latest deadline to respond to Plaintiff's Complaint was January 31, 2020. Defendant Douglas was served on February 27, 2020 (dkt. 16), placing his deadline to respond to Plaintiff's complaint on March 19, 2020. To date, Defendants Vegas Package and Douglas have failed to appear, respond, or contact Plaintiff's counsel. Consequently, on December 14, 2020, the Clerk of Court entered default against Vegas Package and Douglas. (*See* Dkt. 18.)

Based upon the well-pleaded allegations, the Court should certify the Class, and grant Plaintiff leave to conduct discovery.

## III.   ARGUMENT

"As a threshold matter, entry of default does not alter the Court's analysis for class certification. Certification under Rule 23 remains a necessary procedural

requirement in order for the class to recover damages." *Whitaker v. Bennett Law, PLLC*, No. 13-CV-3145-L(NLS), 2015 WL 12434306, at *2 (S.D. Cal. Jan. 26, 2015). As such, "relief cannot be granted to a class before an order has been entered determining that class treatment is proper." *Id.*; *see also Lagos v. Monster Painting, Inc.*, No. 2:11-CV-00331-LRH, 2013 WL 5937661, at *5 (D. Nev. Nov. 5, 2013). Upon entry of default, the "well-pleaded allegations regarding liability are taken as true except as to the amount of damages." *Garvin v. Tran*, No. C07-01571 HRL, 2011 WL 5574864, at *2 (N.D. Cal. Nov. 16, 2011) (citing *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002); *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977)). This includes class related factual allegations. *See Jackson v. Paycron Inc.*, No. 819CV00609WFJAAS, 2019 WL 2085430, at *2 (M.D. Fla. May 13, 2019) (citations omitted) ("'[a] defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact,' including specifically allegations relating to the prerequisites for class certification under Federal Rule 23.").

Indeed, courts routinely certify classes despite a defendant's failure to appear. *See Whitaker v. Bennett Law, PLLC*, No. 13-CV-3145-L NLS, 2014 WL 5454398 (S.D. Cal. Oct. 27, 2014) (certifying a TCPA class action despite the defendant's refusal to appear); *In re Industrial Diamonds Antitrust Litig.*, 167 F.R.D. 374, 386-87 (S.D.N.Y. 1996) (certifying a class action against General Electric Company and DeBeers following DeBeers' default); *Skeway v. China Nat. Gas, Inc.*, 304 F.R.D. 467, 477 (D. Del. 2014) (granting class certification where the defendant failed to answer or respond). "As a policy matter, 'any other conclusion might give defendants an incentive to default in situations where class certification seems likely.'" *Skeway*, 304 F.R.D. at 472 (quoting *Leider v. Ralfe*, No. 1:01-CV-3137 HB FM, 2003 WL 24571746, at *8 (S.D.N.Y. Mar. 4, 2003)).

As explained below, class certification is appropriate because the proposed Class meets the requirements for certification.

**A.    The Alleged Class Meets Each Of The Requirements Of Rule 23(a).**

Class certification is appropriate under Rule 23 when the proponent of certification demonstrates that each of the requirements of Rule 23(a) and at least one of the subsections under Rule 23(b) has been satisfied. Fed. R. Civ. P. 23; *see also Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613-14, 117 S.Ct. 2231 (1997). Rule 23(a) requires that (i) the proposed class is so numerous that joinder of all individual class members is impracticable (numerosity); (ii) that there are common questions of law and fact among the class members (commonality); (iii) that the proposed representative's claims are typical of those of the class (typicality); and (iv) that both the named representative and his or her counsel have and will continue to adequately represent the interests of the class (adequacy). Fed. R. Civ. P. 23(a).

Plaintiff here seeks certification under both Rule 23(b)(2) and 23(b)(3). Under Rule 23(b)(2), which concerns injunctive and declaratory relief, a plaintiff must show that the party opposing certification has acted or failed to act on grounds generally applicable to the class as a whole, "so that final injunctive relief or corresponding declaratory relief is appropriate…." Fed. R. Civ. P. 23(b)(2). On the other hand, certification under Rule 23(b)(3), which generally includes class claims for damages, requires that there be questions of law or fact common to the proposed class members that predominate over any questions affecting only individual members, and that the class mechanism must be superior to other available methods for fairly adjudicating the controversy. Fed. R. Civ. P. 23(b)(3).

As explained further below, the proposed Class in this case meets all of the

requirements of Rules 23(a), (b)(2), and (b)(3), and should therefore be certified.

### 1.   Class membership is ascertainable.

Although Rule 23 doesn't expressly require that a proposed class be ascertainable, courts continue to impose such a condition. *See Lukovsky v. City & Cty. of San Francisco*, No. C 05-00389 WHA, 2006 WL 140574, at *2 (N.D. Cal. Jan. 17, 2006); *Pryor v. Aerotek Scientific, LLC*, 278 F.R.D. 516, 523 (C.D. Cal. 2011) (citation omitted). "A class definition should be precise, objective, and presently ascertainable . . . [h]owever the class need not be so ascertainable that every potential member can be identified at the commencement of the action." *O'Connor v. Boeing North Am., Inc.*, 184 F.R.D. 311, 319 (C.D. Cal. 1998) (citing Manual for Complex Litigation, Third § 30.14, at 217 (1995)). A class definition is sufficient if it is "definite enough so that it is administratively feasible for the court to ascertain whether an individual is a member." *Gardner v. Shell Oil Co.*, C-09-5876-CW, 2011 WL 1522377, at *3 (N.D. Cal. Apr. 21, 2011) (citation omitted); *see also* 5 James Wm. Moore et al., Moore's Federal Practice, ¶ 23.21[1] (3d ed. 2001) ("The identity of class members must be ascertainable by reference to objective criteria.").

Here, the proposed Class is ascertainable by reference to objective criteria. That is, Plaintiff seeks to represent a Class of individuals that received at least one unsolicited call from Defendants. Below, Plaintiff requests leave to conduct limited class discovery to obtain the records of all calls made by Defendants using the same phone number during the relevant time period. The information is likely obtainable by serving a subpoena on the telephone service provider ("TSP") associated with Defendants' phone number.[1] Once Plaintiff obtains call records, the records can be

---

[1] Based on investigation conducted by his counsel, Plaintiff believes that the TSP associated with Defendants' phone number is Level 3 Communications.

used to determine the individuals who received calls and the number of calls made. There is nothing subjective about whether an individual received a call from Defendants during the relevant time period. While it is unnecessary for Plaintiff Fisher to identify each potential class member at this time, it is clear that class membership will be based on objective criteria—the call records. As such, membership in the proposed Class is ascertainable.

### 2. Numerosity is met here.

Numerosity is met where "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). There is not a specific number of class members needed to establish numerosity; however, courts generally find the numerosity requirement to be satisfied when the class size exceeds forty members. *Moore v. Ulta Salon, Cosmetics & Fragrance, Inc.*, 311 F.R.D. 590, 602-603 (C.D. Cal. 2015) ("As a general matter, courts have found that numerosity is satisfied when class size exceeds 40 members.") (citation omitted). Generally, the Court is entitled to make common sense assumptions in order to find support for numerosity. *See* Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* ¶ 7.20, 66 (4th ed. 2001).

Given that the allegations are admitted, Defendants Vegas Package and Floyd concede that they have made calls to thousands of individuals who fall into the defined Class. (Compl. ¶ 35.) Moreover, common sense dictates that for a telemarketing campaign to have any worthwhile result, Defendants would have had to make calls to hundreds if not thousands of individuals. Accordingly, the proposed Class satisfies the numerosity requirement.

### 3. The Class shares common questions of law and fact.

Rule 23(a) next requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). To meet the commonality prong, the

representative plaintiff must demonstrate that the proposed class members "have suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)). But the claims don't need to be identical. Rather, even a single common question will do. *See id.* at 2556 (citation omitted).

Plaintiff and the Class share multiple common issues of law and fact, including whether: (1) Defendant's conduct violated the TCPA; (2) Defendants systematically made calls to consumers without prior express consent; (3) Defendants made the call using an ATDS; (4) Defendants are liable for any calls made by a third party on their behalf; and (5) Defendants made the calls knowingly or willingly such that the Court should award treble damages. (Compl. ¶ 38.) And because the Class is limited to individuals who received at least one call from Defendants for the same purpose, the litigation will answer for everyone whether the calls were unlawful. In short, the case will produce common questions of law and fact for all class members.

### 4.   Plaintiff's claims are typical.

The typicality prerequisite of Rule 23(a) is fulfilled if "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "[T]he typicality requirement looks to whether the claims of the class representatives [are] typical of those of the class, and [is] satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010) (citation omitted).

Here, Defendants subjected Plaintiff and the Class to a uniform course of conduct. (Compl. ¶ 36.) That is, Defendants made unsolicited calls to Plaintiff and all class members. Further, the Class is limited to individuals that received calls in

the same manner and for the same purpose (to market Defendants' vacation packages). As such, if Plaintiff proves that the calls were unlawful, then they violated the TCPA with respect to everyone. Additionally, each member of the Class was damaged in the same manner: their personal privacy was invaded, and the calls interfered with the class members' use and enjoyment of their cell phones. Because Plaintiff's claims arise out of the same course of conduct as the class members' claims, typicality is satisfied.

### 5. Plaintiff and Proposed Class Counsel are adequate representatives.

Finally, Rule 23(a) requires that the representative parties have and will continue to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequacy inquiry "serves to uncover conflicts of interest between named parties and the class they seek to represent.'" *Amchem Products, Inc*., 117 S.Ct. at 2250-2251. "Two questions are considered when determining the adequacy of representation: '(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'" *Pina v. Con-Way Freight, Inc.*, No. C 10-00100 JW, 2012 WL 1278301, at *5 (N.D. Cal. Apr. 12, 2012).

Plaintiff and his counsel have and will continue to fairly represent the Class, and neither has any conflict with the class members. (Compl. ¶ 37.) Further, to date, Plaintiff and proposed class counsel have spent significant time and resources investigating and prosecuting this action—including spending time and resources locating and serving each defendant (on numerous occasions). (*See* Dkts. 13, 14, 16, 17.) Proposed class counsel are also respected members of the legal community and have experience litigating class actions of similar size, scope, and complexity. (*See*

Firm Resume of Woodrow & Peluso, LLC, attached hereto as Exhibit A.) Indeed, proposed class counsel regularly litigate cases under the TCPA and have the resources necessary to conduct litigation of this nature. (*See id.*)

Therefore, the Court should find this requirement is met and appoint Patrick H. Peluso and Stephen A. Klein of Woodrow & Peluso, LLC as Class Counsel, and Plaintiff Fisher as the Class Representative.

**B.     The Proposed Class Meets The Requirements Of Rule 23(b)(2).**

Once Rule 23(a) is satisfied, the inquiry turns to Rule 23(b). In this case, Plaintiff seeks certification under both Rule 23(b)(2) and (b)(3). Rule 23(b)(2) provides that the party opposing certification must have acted or failed to act on grounds generally applicable to the proposed class, "thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2). "[T]he key to the (b)(2) class is the 'indivisible nature of the injunctive or declaratory remedy warranted.'" *Dukes*, 131 S. Ct. 2451 at 2557. "[W]hile Rule 23(b)(2) class action have no predominance or superiority requirements, it is well established that the class claims must be cohesive.'" *Barraza v. C.R. Bard, Inc. and Bard Peripheral Vascular, Inc.,* 322 F.R.D. 369, 387 (D. Ariz. 2017) (citing *Barnes v. American Tobacco Co.*, 161 F.3d 127, 143 (3rd Cir. 1998)).

In this case, Defendants subjected Plaintiff and the Class to a uniform course of conduct. Defendants made calls to thousands of consumers in an effort to sell Defendants' products and services, and Defendant failed to obtain prior express consent to make such calls. Further, entry of default amounts to an admission that Defendants acted and refused to act in the same or similar manner with respect to all class members. In short, nothing about Defendants' conduct varied in any significant manner with respect to members of the Class. Given the situation the

Court is faced with—evaluating a motion for class certification in the absence of key information that only Defendants possess—certification pursuant to Rule 23(b)(2) is particularly apt. That is, because 23(b)(2) classes do not require the Court to direct notice to all class members, the Court can put an end to Defendants' unlawful conduct in the absence of direct notice to the Class. Consequently, the Court should issue an Order granting certification pursuant to Rule 23(b)(2).

### C.    The Proposed Class Meets The Requirements Of Rule 23(b)(3).

Certification is also warranted under Rule 23(b)(3), which provides that a class action may be maintained where the questions of law and fact common to members of the class predominate over any questions affecting only individual members, and the class action mechanism is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3).

### 1.    Common questions of law and fact predominate.

"Implicit in the satisfaction of the predominance test is the notion that the adjudication of common issues will help achieve judicial economy." *Valentino v. Carter-Wallace, Inc.* 97 F.3d 1227, 1234 (9th Cir. 1996). "The predominance inquiry 'asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues.'" *Tyson Foods, Inc. v. Bouaphakeo*, 136 S.Ct. 1036, 1045 (2016). "When 'one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3).'" *Id.* (citation omitted).

Again, Plaintiff and the Class were subjected to an identical course of conduct insofar as Defendants made unsolicited calls to all class members. (Compl. ¶¶ 4–6, 13–19, 28–29.) Further, Defendants concede that common questions of law and fact predominate over any supposed individualized issues. (*Id.* ¶ 38.) In short, if

- 11 -

Defendants violated the TCPA with respect to the call made to Plaintiff, then they violated the TCPA with respect to the calls made to each and every class member. Indeed, there are no individualized issues to preclude certification. As such, the Court should find that common issues predominate over any hypothetical individualized issues.

### 2.   A class action is superior to any other method of adjudication.

As a final matter with respect to certification, Rule 23(b)(3) requires that the class action mechanism be superior to other available methods for adjudicating the controversy. Fed. R. Civ. P 23(b)(3). "[T]he purpose of the superiority requirement is to assure that the class action is the most efficient and effective means of resolving the controversy." *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) (citing 7AA Charles Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure, § 1779 at 174 (3d ed.2005)). Rule 23(b)(3) includes the following non-exhaustive list of factors pertinent to this inquiry:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and, (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3). Additionally, "[w]here damages suffered by each class member are not large, this fact weighs in favor of certifying a class action." *Smith v. Microsoft Corp.*, 297 F.R.D. 464, 468 (S.D. Cal. 2014) (citing *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180 (9th Cir. 2001). "'The most compelling rationale for finding superiority in a class action' is the 'existence of a negative value suit.'" *Id.* at 468-69 (citations omitted).

Tellingly, courts routinely certify class actions involving violations of the

TCPA. *See Bauman v. Saxe*, No. 14-CV-01125-RFB-PAL, 2019 WL 157923, at *7 (D. Nev. Jan. 10, 2019) (granting motion to certify TCPA class); *Fisher v. MJ Christensen Jewelers, LLC*, No. 15-CV-00358-RFB-NJK, 2018 WL 1175215, at *7 (D. Nev. Mar. 6, 2018) (same); *Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292, 1308 (D. Nev. 2014) (same); *Bellows v. NCO Fin. Sys., Inc.*, No. 3:07-cv-01413 (W-AJB), 2008 WL 4155361, at *8 (S.D. Cal. Sept. 5, 2008) (holding in a TCPA action that "[t]he class action procedure is the superior mechanism for dispute resolution in this matter. The alternative ... would be costly and duplicative.").

This case presents the classic case for class treatment. That is, Plaintiff is seeking statutory damages for each violation of the TCPA, which amounts to $500 per violation. Given the small amount of damages likely to be recovered on an individual basis, pursuing separate, individual suits would be prohibitively expensive for all members of the Class. Moreover, when considering the cohesive nature of the class members' claims, individualized trials would require duplicative proceedings and could produce inconsistent rulings. In the end, individualized trials would result in a waste of judicial time and resources.

Thus, the Court should find that the superiority requirement is satisfied here.

**D.    Plaintiff Respectfully Requests Leave To Conduct Limited Discovery.**

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . *or when authorized by these rules, by stipulation, or by court order.*" Fed. R. Civ. P. 26(d)(1) (emphasis added). Courts have found that post-default discovery is permissible and can be necessary to establish damages. *See TracFone Wireless, Inc. v. Technopark Co., Ltd.*, 281 F.R.D. 683, 691 (S.D. Fla. 2012) ("The Court finds such post-default discovery is

permissible."); *Microsoft Corp. v. Raven Technology, Inc.*, No. 6:05-cv-1346-Orl-28DAB, 2007 WL 438803, at n.2 (M.D. Fla. Feb. 8, 2007) ("Of course, Microsoft could have pursued discovery, notwithstanding the default."); *Eder v. Aspen Home Improvements Inc.*, Case No. 8:20-cv-01306-T-23JSS, 2020 WL 6870851, at *1–2 (M.D. Fla. Oct. 2, 2020) (granting Plaintiff leave to conduct discovery related to default class certification and damages).

As previously noted, Plaintiff will require limited discovery to establish a notice plan, class wide damages, and determine what assets Defendants possess. Plaintiff respectfully requests a 120-day period to conduct limited discovery. Plaintiff seeks to serve third-party discovery, in the form of subpoenas, on the TSP for the telephone number (702) 983-2098 to receive the outbound call records. Once Plaintiff receives the call records for the subject telephone number, he will be able to identify the unique telephone numbers called as well as the number of calls made to each individual. Further, Plaintiff is prepared to hire an expert witness to opine as to the facts and process, if necessary. This will enable Plaintiff to develop an adequate notice plan and establish the appropriate sum of damages. Plaintiff also requests permission to seek third-party discovery to determine whether Defendants have the financial ability to pay any potential judgment. Finally, to the extent the Court determines that any area of Plaintiff's motion needs additional factual substantiation, Plaintiff respectfully requests permission to conduct limited discovery regarding those matters.

## IV.    CONCLUSION

Plaintiff respectfully requests that the Court certify the Class, appoint Patrick H. Peluso and Stephen A. Klein of Woodrow & Peluso, LLC as Class Counsel, appoint Plaintiff Fisher as Class Representative, grant leave for Plaintiff to conduct limited class discovery, and award such additional relief as it deems necessary,

reasonable, and just.

Respectfully submitted,

Dated: January 5, 2021

**Nick Fisher**, individually and on behalf of all others similarly situated,

By:     /s/   *Stephen A. Klein*
One of Plaintiff's Attorneys

Marc P. Cook, Esq.
Nevada Bar No. 004574
COOK & KELESIS, LTD.
517 S. 9th St.
Las Vegas, NV 89101
(702) 737-7702
Fax: (702) 737-7712
Email: law@bckltd.com

Stephen A. Klein*
sklein@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 907-4654
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Class

* *Pro Hac Vice*

- 15 -

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 6, 2021, I served a true and accurate copy of the foregoing documents by first-class U.S. Mail, postage prepaid, and properly addressed to the following parties:

TheVegasPackage.com, Inc.
900 S. Las Vegas Blvd., #1211
Las Vegas, NV 89101

Douglas Douglas
900 S. Las Vegas Blvd., #1211
Las Vegas, NV 89101

/s/ Stephen A. Klein