UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Nick Fisher,<br><br>　　　Plaintiff<br><br>v.<br><br>TheVegasPackage.com, Inc. and Douglas Douglas,<br><br>　　　Defendants | Case No.: 2:19-cv-01613-JAD-VCF<br><br>**Order Certifying Class and Granting Request for Leave to Conduct Discovery**<br><br>[ECF Nos. 19, 21] |

Nick Fisher sues TheVegasPackage.com and its president Douglas Douglas under the Telephone Consumer Protection Act, 47 U.S.C. § 277, et seq., because they called him—using an autodialer and without his prior, express consent—to sell a Las Vegas vacation package.[1] The Clerk of Court entered default against both defendants on December 14, 2020, for failure to respond or otherwise defend against the action after they were served.[2] Fisher now seeks to certify a nationwide class of individuals who also received unsolicited calls from Vegas Package[3] and to conduct limited discovery to ascertain, among other things, the size and identities of the proposed class and its members.[4] Both motions are unopposed. I find that Fisher has met Federal Rule of Civil Procedure 23(a)'s requirements, as well as satisfied both Rule 23(b)(2) and (b)(3), thus warranting certification of a class. I also grant him leave to conduct discovery without first holding a Rule 26(f) conference.

---

[1] ECF No. 1 at ¶¶ 8, 12, 16–17, 20–26, 40.
[2] ECF No. 18.
[3] ECF No. 19.
[4] ECF No. 21.

**Discussion**

I.     **Motion for class certification [ECF No. 19]**

Before certifying a class under Federal Rule of Civil Procedure 23, a district court must conduct a "rigorous" analysis to determine whether a party has met the prerequisites for certification under Rule 23(a) and at least one of the class-certification requirements under Rule 23(b).[5] Courts have broad discretion to certify a class within Rule 23's framework,[6] and its analysis "will entail some overlap with the merits of the plaintiff's underlying claim."[7] While no circuit court appears to have expressly considered the propriety of class certification against a defaulted defendant,[8] multiple district courts have determined that "entry of default does not alter" the class-certification analysis because "[c]ertification under Rule 23 remains a necessary procedural requirement in order for the class to recover damages."[9] I find their reasoning persuasive, so I consider Fisher's motion, taking as true the complaint's factual allegations, while

---

[5] *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 456–66 (2013); *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996) (citing Fed. R. Civ. P. 23).

[6] *Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 712 (9th Cir. 2010); *Zinser v. Accufix Rsch. Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001).

[7] *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011).

[8] *See, e.g.*, *Perez v. AC Roosevelt Food Corp.*, 744 F.3d 39, 40–41 (2d Cir. 2013) (reciting, without comment, that the "[d]efendants initially failed to appear and default was entered," the plaintiff sought and received class certification, the defendants "appeared," "default was vacated," and the "class was voluntarily de-certified").

[9] *Whitaker v Bennett Law, PLLC*, No. 13-cv-3145, 2015 WL 12434306, at *2 (S.D. Cal. Jan. 26, 2015); *see also Skeway v. China Nat'l Gas, Inc.*, 304 F.R.D. 467, 472 (D. Del. 2014) (certifying a class after the defendant failed to respond to or answer the complaint); *see also In re Indus. Diamonds Antitrust Litig.*, 167 F. R.D. 374, 386–87 (S.D.N.Y. 1996) (certifying a class action against multiple defendants, including a defaulted defendant); *Leider v. Ralfe*, No. 01 Civ. 3137, 2003 WL 223339305, at *8–*13 (S.D.N.Y. Mar. 4, 2003) (conducting class-certification analysis following defendant's default and denying certification for failure to meet Rule 23(a)'s prerequisites).

excluding "necessary facts not contained in the pleadings," facts related to damages, and insufficiently pled claims.[10]

### A. Rule 23(a) Requirements

Under Rule 23(a), a court may certify a class only where:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.[11]

Courts refer to these four requirements as "numerosity, commonality, typicality[,] and adequacy of representation."[12] A plaintiff must establish each element to warrant certification of a class.[13]

**Numerosity.** The numerosity requirement is generally satisfied if the class is so numerous as to present great difficulty and inconvenience in joining all of the members of the proposed class.[14] "While no fixed number [] satisfie[s] the numerosity requirement, as a general matter, a class greater than forty often satisfies the requirement, while one less than twenty-one does not."[15] The court is not limited to exclusively considering the bare number of potential class members, and it may look to a number of factors in its numerosity analysis, including "ease of identification of members of the proposed class, geographic distribution of the class members,

---

[10] *Cripps v. Life Ins. Co.*, 980 F.2d 1261, 1267 (9th Cir. 1992); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987).

[11] Fed. R. Civ. P. 23(a).

[12] *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 588 (9th Cir. 2012).

[13] *Id.*

[14] *Harris v. Palm Springs Alpine Ests., Inc.*, 329 F.2d 909, 913–14 (9th Cir. 1964).

[15] *Ries v. Ariz. Beverages USA LLC*, 287 F.R.D. 523, 526 (N.D. Cal. 2012); *see also Brooks v. Pressed Juicery, Inc.*, 336 F.R.D. 484, 490 (E.D. Cal. 2020) (same).

3

and the ability of the class members to pursue individual actions."[16]  While Fisher has not yet been able to produce a call-log of potential class members (given the defendants' default),[17] I find that he has met Rule 23(a)'s numerosity requirement because Vegas Package has placed "pre-recorded calls to thousands of consumers" across the country, raising the inference that each recipient of those calls could leverage an individual claim against the vacation company.[18]

**Commonality.**  Commonality requires class members to "have suffered the same injury."[19] These injuries, coupled with their factual underpinnings, should lead to a "common contention," which "must be of such a nature that it is capable of class[-]wide resolution," i.e., "that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."[20]  "What matters to class certification" is "the capacity of a class[-]wide proceeding to generate common answers apt to drive the resolution of the litigation."[21]  Here, Fisher and each member of the putative class have suffered the same injury—they've each received an unwanted and unprompted telephone call, advertising Vegas Package's products.[22]  And the resolution of Fisher's and the class's claims requires generating answers to common questions, including whether Vegas Package and Douglas used an auto-dialer to make the calls; employed third-parties to make the calls; had prior, express consent to

---

[16] *Olden v. LaFarge Corp.*, 203 F.R.D. 254, 268 (E.D. Mich. 2001) (internal quotation marks and citations omitted).

[17] *Moser v. Health Ins. Innovations, Inc.*, No. 17-cv-1127, 2019 WL 3719889, at *5 (S.D. Cal. Aug. 7, 2019) (finding that the plaintiff met the numerosity requirement when he relied on a call log of 68,000 calls to putative class members).

[18] ECF No. 1 at ¶¶ 33, 35.

[19] *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982).

[20] *Dukes*, 564 U.S. at 350.

[21] *Id.*

[22] ECF No. 1 at ¶¶ 6, 14.

do so; and made the calls knowingly and willfully.[23]  Multiple courts have found commonality in similar circumstances[24] and I join their number.

**Typicality.**  In the Ninth Circuit, "[t]he test of typicality is whether other [class] members have the same or similar injury, whether the action is based on conduct [that] is not unique to the named plaintiff[], and whether other class members have been injured by the same course of conduct."[25]  A proposed class representative's claims need only be "reasonably co-extensive with those of absent class members; they need not be substantially identical."[26]  As I explained above, Fisher's claims, which stem from the unsolicited calls, are typical of the class.[27]  So I find that Fisher has met Rule 23(a)'s typicality requirement as well.

**Adequate representation.**  Rule 23(a)'s adequacy requirement is satisfied if the representative parties will fairly and adequately protect the interests of the class.[28]  In determining this protection, the court asks: "(1) [d]o the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?"[29]  Fisher and

---

[23] ECF No. 1 at ¶ 38.

[24] *See, e.g.*, *Moser*, 2019 WL 3719889 at *7; *Del Valle v. Glob. Exch. Vacation Club*, 320 F.R.D. 50, 61 (C.D. Cal. 2017) (finding common questions regarding the defendant's authority over telemarketers alleged to have committed TCPA violations); *Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292, 1306 (D. Nev. 2014) (finding that agency determinations in a TCPA class action "can be resolved on a class-wide basis").

[25] *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)) (internal quotation marks omitted).

[26] *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010) (internal quotation marks and citations omitted).

[27] ECF No. 1 at ¶ 36.

[28] Fed. R. Civ. P. 23(a)(4).

[29] *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).

his counsel appear ready and capable of protecting the interests of the class, and there does not appear to be a conflict between themselves and members of the class. Fisher's counsel touts significant experience litigating similar class claims, including claims brought under the TCPA,[30] and have adequately prosecuted this case (albeit against absentee defendants). So I find this requirement has been satisfied as well.

### B. Rule 23(b) requirements

Once the threshold requirements of Rule 23(a) are met, a plaintiff must show "through evidentiary proof" that a class is appropriate for certification under one of Rule 23(b)'s provisions.[31] Fisher seeks certification under both Rules 23(b)(2) and (b)(3), each of which, respectively, requires a plaintiff to establish either that (1) defendant "has acted or refused to act on grounds that apply generally to the class" so as to warrant appropriate "injunctive" and "declaratory relief;" or (2) "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."[32] I find that certification of classes for both equitable and monetary remedies is appropriate.[33]

#### 1. Rule 23(b)(2)

"The key to the [Rule 23(b)(2)] class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or

---

[30] ECF No. 19-1 at 2–5.

[31] *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013).

[32] Fed. R. Civ. P. 23(b)(2)–(3).

[33] *See Dukes*, 564 U.S. at 360 (holding that claims for monetary relief cannot be certified under Rule 23(b)(2) when "the monetary relief is not incidental to the injunctive or declaratory relief"); *Raffin v. Medicredit, Inc.*, No. CV 15-4912-GHK, 2017 WL 131745, at * (C.D. Cal. Jan. 3, 2017) (certifying both Rule 23(b)(2) and (b)(3) classes for injunctive and monetary relief) (collecting cases certifying both sets of classes).

6

declared unlawful only as to all of the class members or as to none of them."[34]  Fisher seeks equitable relief, which includes a declaration that Vegas Package's telephone-calling equipment is an automatic telephone-dialing system and an injunction ordering the defendants to cease their unsolicited-autodialing activities absent express consent from their call recipients.[35]  Because Vegas Package's policy of making unsolicited, automatically dialed calls applies to the entire class, any injunctive relief prohibiting this practice would also apply to the entire class.  So I find that Fisher has satisfied the additional requirements of Rule 23(b)(2).

### 2. Rule 23(b)(3)

"To assess Rule 23(b)(3) predominance, [courts] ask whether proposed classes are sufficiently cohesive to warrant adjudication by representation," "focus[ing] on whether common questions present a significant aspect of the case," those questions "can be resolved for all members of the class in a single adjudication," and "there is clear justification for handling the dispute on a representative rather than on an individual basis."[36]  There is substantial overlap between the Rule 23(a)(2) commonality test and the Rule 23(b)(3) predominance test, but "the [Rule] 23(b)(3) test is 'far more demanding.'"[37]  As the Ninth Circuit recently held, "a district court must find by a preponderance of the evidence that the plaintiff has established predominance,"[38] "begin[ning], of course, with" an "assessment" of "the elements of the

---

[34] *Dukes*, 564 U.S. at 360.

[35] ECF No. 1 at Prayer for Relief.

[36] *Walker v. Life Ins. Co. of the Sw.*, 953 F.3d 624, 630 (9th Cir. 2020) (internal quotation marks and citations omitted).

[37] *Wolin*, 617 F.3d at 1175 (citations omitted).

[38] *Olean Wholesale Grocery Coop. v. Bumble Bee Foods*, No. 19-56514, -- F.3d --, slip op at 16 (9th Cir. Apr. 6, 2021).

underlying cause of action."[39]  So I turn my attention to whether the common questions and facts underlying Fisher's TCPA claim predominate and should be resolved on a class-wide basis.

I find that Fisher has met his heightened burden under Rule 23(b)(3).  "The TCPA establishes the substantive right to be free from certain types of phone calls and texts absent consumer consent."[40]  To state a TCPA claim, a plaintiff must show that "(1) the defendant called a cellular telephone number, (2) using an automatic telephone dialing system, (3) without the recipient's prior express consent."[41]  "Express consent is not an element of a plaintiff's prima facie case but is an affirmative defense for which the defendant bears the burden of proof."[42]  Fisher has established the first two elements in the taken-as-true facts contained in his pleadings.[43]  And while the issue of consent potentially poses a barrier to class certification in a TCPA case—after all, questions of whether and how a putative class member consented to receiving telemarketing calls is sometimes an individualized inquiry[44]—the defendants have not raised this issue.  Without some evidence of consent, I cannot deny class certification because of the prospect of individualized consent determinations.[45]

---

[39] *Walker*, 953 F.3d at 630 (internal quotation marks omitted) (quoting *Sterns v. Ticketmaster Corp.*, 655 F.3d 1013, 1019) (9th Cir. 2011), *abrogated on other grounds by Behrend*, 569 U.S. at 28.

[40] *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017).

[41] *Meyer v. Portfolio Recovery Assocs.*, 707 F.3d 1036, 1043 (9th Cir. 2012).

[42] *Van Patten*, 847 F.3d 1037, 1044 (9th Cir. 2017).

[43] ECF No. 1 at ¶ 13.

[44] *See, e.g.*, *True Health Chiropractic, Inc. v. McKesson Corp.*, 896 F.3d 923, 932 (9th Cir. 2018) (affirming denial of class certification for the proposed subclass because it would be required to make individualized consent determinations); *Gannon v. Network Tel. Servs., Inc.*, 628 F. App'x 551, 552 (9th Cir. 2016) (same).

[45] *See McKesson Corp.*, 896 F.3d at 931–32 ("[W]e assess predominance by analyzing the consent defenses [that the defendant] has actually advanced and for which it has presented

I also find that resolving these claims on a class-wide basis "will reduce litigation costs and promote greater efficiency," making it superior to other methods of litigation.[46]  In a TCPA action like this case, most class members will have relatively small claims.  While Fisher's potential recovery here may be large enough to make his claims financially viable as a stand-alone suit, for most class members, that is hardly the case.  And class certification permits class members to enforce any anticipated default judgment against Vegas Package, further cementing the protections afforded absent class members.[47]  And while I am cognizant of the preclusive effect that class certification may have on the ability of absent class members to pursue their own claims, I am assured that a robust notice procedure will enable class members to opt-in or out as they see fit.  Thus, under the facts of this case, I find that a class action is superior to other methods of adjudicating the alleged claims.

## II.     Leave to conduct discovery [ECF No. 21]

Under the Federal Rules, "[a] party may not seek discovery from any source before the parties have conferred" or "when authorized by these rules, by stipulation, or by court order."[48]  Because limited discovery is needed to establish a notice plan, ascertain individual class members, determine class-wide damages, and identify the assets that defendants possess, I find

---

evidence . . . .  But we do not consider the consent defenses that [the defendant] might advance or for which it has presented no evidence.").

[46] *Valentino*, 97 F.3d at 1234–35.

[47] *See Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 340–41 (4th Cir. 2006) (noting that class members cannot seek to enforce a default judgment absent formal certification of a class).

[48] Fed. R. Civ. P. 26(d).

that discovery is warranted and grant Fisher's request, without requiring him to conduct the usually required Rule 26(f) conference.

## Conclusion

IT IS THEREFORE ORDERED that plaintiff Nick Fisher's motion for class certification **[ECF No. 19] is GRANTED**. The class is defined as:

> All persons in the United States who (1) defendants, or a third person acting on behalf of defendants, called; (2) on the person's cellular telephone; (3) for the purpose of selling Vegas Package's products and services; (4) using an auto-dialer as defined in the TCPA; and (5) for whom the defendants claim they obtained prior express consent in the same manner as the defendants claim they received prior express consent to call plaintiff Nick Fisher.

IT IS FURTHER ORDERED that Nick Fisher will be the class representative, and Patrick H. Peluso and Stephen A. Klein of Woodrow & Peluso, LLC will serve as class counsel.

IT IS FURTHER ORDERED that plaintiff's motion for leave to conduct discovery **[ECF No. 21] is GRANTED**. Plaintiff has leave to conduct discovery for a period of 120 days and, within 30 days of the close of the discovery period, plaintiff must file a proposed class-action notice for court approval.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: April 8, 2021