Marc P. Cook, Esq.
Nevada Bar No. 004574
COOK & KELESIS, LTD.
517 S. 9th St.
Las Vegas, NV 89101
(702) 737-7702
Fax: (702) 737-7712
Email: law@bckltd.com

Stephen A. Klein*
sklein@woodrowpeluso.com
WOODROW & PELUSO, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 907-4654
Facsimile: (303) 927-0809

*Pro Hac Vice

Attorneys for Plaintiff NICK FISHER
and the Class

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| **NICK FISHER**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**THEVEGASPACKAGE.COM, INC.**, a Nevada corporation, and **DOUGLAS DOUGLAS**, an individual,<br><br>Defendants. | Case No.  2:19-cv-01613-JAD-VCF<br><br>**PLAINTIFF'S MOTION FOR CLASS DECERTIFICATION AND DISMISSAL** |

## I.     INTRODUCTION

Plaintiff Nick Fisher ("Plaintiff" or "Fisher") filed his Class Action Complaint challenging Defendants TheVegasPackage.com, Inc.'s ("VegasPackage") and Douglas Douglas' ("Douglas") (collectively "Defendants") violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA" or "Act"), specifically Defendants' practice of placing unsolicited calls using an automatic telephone dialing system ("ATDS"). On April 8, 2021, the Court granted Plaintiff's Motion for Class Certification and certified a nationwide class of persons who received Defendants' calls. (Dkt. 22.) The Court also appointed Plaintiff as the Class Representative and its counsel, Stephen A. Klein and Patrick H. Peluso, as Class Counsel, and granted leave for Plaintiff to conduct discovery for a period of 120 days.

Following certification, Class Counsel conducted additional investigations into Defendants' practices and assets and issued several subpoenas to phone providers in an attempt secure call records and other pertinent information. Based such investigation and discovery, Plaintiff now moves the Court for an Order decertifying the class. Defendants have defaulted and refuse to appear or participate in this case in any way. Their flippant disregard for the law and the inability to obtain necessary class information through discovery has unfortunately left Plaintiff will no realistic way to pursue his Class claims.

First, Plaintiff is unable to produce evidence to ascertain class membership or numerosity. That is, Defendants' defiance and abject refusal to appear or respond to this litigation in any fashion continues to frustrate Plaintiff's ability to obtain the

Motion for Class Decertification and Dismissal

necessary information. Indeed, Plaintiff has no access to Defendants' records, including its call records. Further, Plaintiff has been unable to secure any evidence from third parties that could be used to sufficiently identify potential class members. Specifically, Plaintiff's attempts to obtain call records from the service provider through which Defendants' sent the calls have proved fruitless. This makes it impossible to effectuate a subpoena to obtain Defendants' fax records. Absent some source of evidence, Plaintiff cannot demonstrate that the class is ascertainable.

Second, Plaintiff is likewise unable to formulate a Notice Plan that would sufficiently apprise class members of their legal rights. Once again, Plaintiff is unable to identify the class members due to Defendants' refusal to participate in the litigation in any way. This leaves Plaintiff without any means by which to provide direct notice to the Class. Instead, the only realistic form that notice could take would be publication, which would not be viable without any evidence to confirm the extent of Defendants' practices. Consequently, Plaintiff is unable to create a targeted publication plan that would reach the class members. Instead, Plaintiff would need to undertake an expensive national publication notice plan that would cost thousands (if not millions) of dollars and likely result in few (if any) class members actually being apprised of their legal rights while inviting false claims. In short, the notice plan is unlikely to inform any class members let alone inform a sufficient majority of them.

As explained further below, given the Defendants' refusal to appear and participate in the case, the pursuit of this class action is infeasible. Accordingly,

- 2 -

MOTION FOR CLASS DECERTIFICATION AND DISMISSAL

Plaintiff hereby requests that the Court decertify the class and dismiss the action without prejudice.

## II.    BACKGROUND

Defendant VegasPackage is a corporation incorporated and existing under the laws of the State of Nevada.[1] (Dkt. 1 at ¶ 8.) Defendant Douglas is an individual residing in the State of Nevada. (*Id.* ¶ 9.) Douglas is the president, secretary, treasurer, director, and registered agent for VegasPackage. (*Id.*) To market their products and services, Defendants make unsolicited phone calls to consumers like Plaintiff using an ATDS—a plain violation of the TCPA. (*Id.* ¶ 13.) Defendants place these calls without prior written consent of the consumer. (*Id.* ¶ 14.) In Plaintiff's case, Fisher received at least one call from Defendants advertising Defendants' products and services, namely their vacation package deal. (*Id.* ¶¶ 12, 21–24.) Plaintiff never consented to receive any calls from Defendants, nor does he have any prior business relationship or dealings with Defendants. (*Id.* ¶¶ 26–27.)

Plaintiff filed his Class Action Complaint on September 13, 2019. (Dkt. 1.) After the Court authorized alternative service upon Defendant VegasPackage on December 12, 2019 (dkt. 12), Plaintiff served VegasPackage: (1) by mail—to VegasPackage and to the Nevada Secretary of State—on December 18, 2019 (dkt. 14.); and (2) by publicly posting the Complaint and summons on January 10, 2020. (Dkt. 13.) Defendant Douglas was served on February 27, 2020. (Dkt. 16.) On

---

[1] Though the corporation was listed as "Active" as recently as December 2, 2019, the Nevada Secretary of State's database now notes VegasPackage's entity status as "Revoked." *Compare* (Dkt. 10-1), *with* 2021 VegasPackage Report, attached hereto as Exhibit A.

- 3 -

December 14, 2020, as a result of their failure to appear and respond to the Complaint, the Clerk of Court entered default against both Defendants. (Dkt. 18.)

On January 6, 2021, Plaintiff filed a motion for class certification, relying largely on the Defendants' failure to appear in or respond to this action. (Dkt. 19.) The Court granted the motion on April 8, 2021, and certified the following class:

> All persons in the United States who (1) defendants, or a third person acting on behalf of defendants, called; (2) on the person's cellular telephone; (3) for the purpose of selling Vegas Package's products and services; (4) using an auto-dialer as defined in the TCPA; and (5) for whom the defendants claim they obtained prior express consent in the same manner as the defendants claim they received prior express consent to call plaintiff Nick Fisher.

(Dkt. 22 at 10.) The Court simultaneously granted leave for Plaintiff to conduct discovery for a period of 120 days.

Following certification, Class Counsel further investigated Defendants and their business practices and conducted discovery, including the issuance of several subpoenas to telephone service providers in search of call records and additional information. Class Counsel has been unable to obtain call records from the relevant time period and has been unable ascertain the true telephone service provider that may be in possession of such records. In other words, Plaintiff was unable to procure evidence necessary to ascertain or identify any other members of the class.

Based upon these facts and as explained below, the Court should decertify the class and dismiss this case without prejudice.

- 4 -

MOTION FOR CLASS DECERTIFICATION AND DISMISSAL

## III.    ARGUMENT

Under Rule 23, a district court retains the authority to modify a class at any time during the litigation—authority that includes the ability to decertify the class. *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. ConocoPhillips Co.*, 593 F.3d 802, 809 (9th Cir. 2010) (citing *Gen. Tel. Co. of the Sw. v. Falcon,* 457 U.S. 147, 160 (1982)); *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009) ("A district court may decertify a class at any time."); *see also* Fed. R. Civ. P. 23(c)(1)(C).

Here, following additional research, third-party discovery, and consideration, Plaintiff now seeks decertification of the certified class.

### A.    Plaintiff is Without Sufficient Information to Ascertain Class Membership or Numerosity.

In many courts, "[a]s an essential prerequisite to class certification, plaintiff must show by a preponderance of the evidence that the class is ascertainable." *Clark v. QG Printing II, LLC*, No. 118CV00899AWIEPG, 2020 WL 5604290, at *8 (E.D. Cal. Sept. 18, 2020) (quoting *Hayes v. Wal-Mart Stores, Inc.*, 725 F.3d 349, 354 (3d Cir. 2013)). Though the Ninth Circuit declined to make ascertainability a requisite element to certification, courts in this circuit still consider it to be implicitly required for the maintenance of a class action under Rule 23. *Compare Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1125–26 (9th Cir. 2017), *with, e.g.*, *Clark*, 2020 WL 5604290 at *8.

"[A]scertainability is important because it 'eliminates serious administrative burdens … by insisting on the easy identification of class members'; allows for the

- 5 -

best notice practicable, and thereby protects absent class members; and protects defendants by clearly identifying the individuals to be bound by the final judgment. *Hayes*, 725 F.3d at 355 (citation omitted). "[A]scertainability entails two important elements. First, the class must be defined with reference to objective criteria. Second, there must be a reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition." *Id.* (citing *Marcus v. BMW of North America, LLC*, 687 F.3d 583, 593-94 (3d Cir. 2012)).

Here, Plaintiff is unable to reasonably ascertain the class members. That is, Plaintiff does not have access to the list that the Defendants utilized to make the calls. And Defendants' failure to appear or respond makes obtaining its records essentially impossible. Moreover, Plaintiff is unable to determine the true vendor or system used to make the calls. During the discovery period allotted by the Court, Plaintiff issued subpoenas to phone providers in an attempt to locate call records associated with the phone number from which Plaintiff received his call. The subpoenas produced nested lists of downline carriers, but none resulted in call records. Consequently, Plaintiff is unable to provide the Court with any reliable means to identify the class. Instead, the only option left would be to rely upon affidavits or declarations from persons stating that they received the Defendants' calls—this alone is often treated as insufficient. Therefore, due to Defendants' bad faith in this action, Plaintiff is unable to meet its burden to demonstrate ascertainability.

- 6 -

MOTION FOR CLASS DECERTIFICATION AND DISMISSAL

Relatedly, Plaintiff cannot confirm the numerosity of the class members without records of similar calls. Though one call is enough to constitute a violation of the TCPA, Plaintiff only alleged receipt of one call, which makes it difficult to detect a pattern of calling or even confirm a call origin. Indeed, without any records to confirm other calls, Plaintiff is unable to determine whether the call he received was from a "spoofed" number. Call spoofing is a fairly common practice engaged in by telemarketers who wish to trick consumers into picking up the phone. *See, e.g.*, *Teltech Sys., Inc. v. Bryant*, 702 F.3d 232, 234 (5th Cir. 2012) ("'Spoofing' is misrepresenting the originating telephone caller's identification (caller ID) to the call recipient."); *United States v. Palumbo*, 448 F. Supp. 3d 257, 261–63 (E.D.N.Y. 2020) (considering calls that "'spoof' local area codes to mislead call recipients into believing that the incoming calls originated locally"). If the call was in fact spoofed, obtaining genuine call records without Defendants present would be virtually impossible.

Because the class is not ascertainable due to Defendants' refusal to appear, Plaintiff respectfully requests that the Court exercise its power to decertify this class.

**B.      Plaintiff Cannot Propose An Adequate Notice Plan To Apprise Class Members Of Their Rights.**

Following certification of any Rule 23(b)(3) class, "Rule 23(c)(2) requires that class members be given the best notice practicable, including individual notice to all members who can be identified through reasonable efforts." *See Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1374, n.1 (9th Cir. 1993) (citing Fed. R. Civ.

- 7 -

P. 23(c)(2)). Rule 23(c)(2) also requires that "notice must be ordered so that class members have the opportunity to opt out and avoid being bound by the disposition of the case." *Besinga v. United States*, 923 F.2d 133, 137 (9th Cir. 1991) (quoting *Kinney Shoe Corp. v. Vorhes*, 564 F.2d 859, 863 (9th Cir.1977).

In general, notice plans estimated to reach a minimum of 70 percent of class members are adequate to satisfy Rule 23. *Edwards v. Nat'l Milk Producers Fed'n*, No. 11-CV-04766-JSW, 2017 WL 3623734, at *4 (N.D. Cal. June 26, 2017); *see also, e.g.*, *Martin v. Sysco Corp.*, No. 116CV00990DADSAB, 2019 WL 6894471, at *2 (E.D. Cal. Dec. 18, 2019); *Fitzhenry-Russell v. Coca-Cola Co.*, No. 5:17-CV-00603-EJD, 2019 WL 11557486, at *3 (N.D. Cal. Oct. 3, 2019) (gathering cases); *In re Transpacific Passenger Air Transportation Antitrust Litig.*, 701 F. App'x 554, 556 (9th Cir. 2017). The maxim of these cases is that an effective notice plan must reach a considerable majority of the class members.

Unfortunately, Plaintiff is also unable to put forth a notice plan that can confidently be said to reach a majority of the class. That is, without a class list, call records, or the defendant's records, Plaintiff is essentially left with one means of notice—publication. Yet, this too poses serious due process issues. Specifically, Plaintiff is unable to target the publication to a specific demographic for this class, which would increase the likelihood that class members receive notice of the lawsuit. *See, e.g.*, *Pappas v. Naked Juice Co of Glendora, Inc.*, No. LACV1108276JAKPLAX, 2013 WL 12124090, at *5 (C.D. Cal. Aug. 7, 2013) (approving notice targeted to particular regions); *Hilsley v. Ocean Spray Cranberries, Inc.*, No. 17CV2335-GPC(MDD), 2019 WL 718807, at *3 (S.D. Cal.

- 8 -

Feb. 5, 2019) (approving notice target to Spanish speakers and older Americans in California). In this case, Defendants sought to sell Las Vegas vacation packages, and they solicited Plaintiff—an Arizona resident—by phone. (Dkt. 1 ¶¶ 7, 12.) Given the nature of Defendants' offerings, it is likely that Defendants solicited consumers nationwide. The lack of geographic limitations paired with a ubiquitous product, marketable to virtually any and all adults, leaves Plaintiff unable to target a specific group of consumers that may have received the calls.

Moreover, even if Plaintiff were to execute a nationwide publication notice plan, the result would likely be expensive and unsatisfactory. That is, the class members would be required to see the ad and then recall whether they received the particular in question. Given that this call cannot be said to be highly unique, especially in a world of frequent telemarketing, it is unlikely that class members will even have this recollection. This seriously calls into question whether class members will receive a fair opportunity to be apprised of their right to opt-out. And even if they remember receiving such a call, those consumers will likely only be able to offer their "say so"; Class Counsel would be without any reliable means to confirm the accuracy of such recollection. Again, this is undesirable.

In short, Plaintiff cannot put forth a notice plan that complies with the requirements imposed by Rule 23 and due process. For this reason, the Court should decertify the class and dismiss this case.

## IV.    CONCLUSION

Defendants have simply refused to participate in this case. In doing so, they have stymied Plaintiff's ability to obtain a class list, identify class members, or

---

MOTION FOR CLASS DECERTIFICATION AND DISMISSAL

1 | otherwise maintain his action on behalf of the previously certified Class. Thus,

2 | Plaintiff respectfully requests that the Court decertify the Class, dismiss this case

3 | without prejudice, and award such additional relief as it deems necessary,

4 | reasonable, and just.

5

6 |                                        Respectfully submitted,

7 | Dated: August 27, 2021                 **Nick Fisher**, individually and on behalf of

8 |                                        all others similarly situated,

9

10 |                         By:    /s/   *Stephen A. Klein*
   |                                One of Plaintiff's Attorneys

11 |                                Marc P. Cook, Esq.

12 |                                Nevada Bar No. 004574
   |                                COOK & KELESIS, LTD.

13 |                                517 S. 9th St.
   |                                Las Vegas, NV 89101

14 |                                (702) 737-7702
   |                                Fax: (702) 737-7712

15 |                                Email: law@bckltd.com

16 |                                Stephen A. Klein*
   |                                sklein@woodrowpeluso.com

17 |                                Woodrow & Peluso, LLC
   |                                3900 East Mexico Ave., Suite 300

18 |                                Denver, Colorado 80210
   |                                Telephone: (720) 907-4654

19 |                                Facsimile: (303) 927-0809

20 |                                Attorneys for Plaintiff and the Class

21 |                                *\* Pro Hac Vice*

22

23

24

25 |                                       - 10 -

26 | MOTION FOR CLASS DECERTIFICATION AND DISMISSAL

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on August 27, 2021.

/s/ Stephen A. Klein
Stephen A. Klein

- 11 -